IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re:

    Rebecca L. Jones

        Debtor

\*

\*

\*

Case No.: 17-10502 LSS
Chapter 7

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### DEBTOR'S OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY PURSUANT TO FED. R. BANKR. P. 9019

Rebecca L. Jones (Debtor), pro se, files this Objection to Laura J. Margulies' (Chapter 7 Trustee or Trustee) Motion for Approval of Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019 (Objection), and in support thereof, states as follows:

1. The Trustee filed its Motion on March 29, 2017.

2. The Debtor had no knowledge that the Trustee and College of Southern Maryland (CSM or College) had entered into "Agreement and General Release" (Agreement) on March 28, 2017. Similarly, the Debtor had no knowledge that the Trustee and College had entered into settlement negotiations as early as March 7, 2017.

3. In violation of 8 U.S.C. § 1324c, the Trustee committed document fraud by filing a false document on March 13, 2017 (see Attachment A) with the United States District Court for the District of Maryland, falsely stating that an Agreement from this case had resolved the matter in that court. The Trustee's actions were fraudulent because she filed that document with the District Court in violation of the Debtor's rights to raise objections within 21 days of receiving notice of the Agreement. The Trustee's actions also violated this Court's right to conduct a hearing on the Motion pursuant to Fed. R. Bankr. P. 9019(a).

4. By telephone on March 16, 2016, Jason A. Grant (Grant), counsel for the Debtor in the District Court case against CSM, informed the Debtor that the Trustee had the legal authority to settle the case against the College and used said authority to settle the case. On that date, Grant also informed the Debtor that the Trustee was in the process of submitting the disputed settlement agreement to the District Court.

5. Grant failed to notify the Debtor that he, along with the Trustee and CSM, had agreed to a settlement on or about March 13, 2017. Grant also failed to notify the Debtor that on that same date the parties had jointly filed a request for a Rule 111 Settlement Order from the District Court based on the terms of the March 13, 2017 settlement agreement. When the District Court granted that joint request two days later on March 15, 2017, Grant again failed to notify the Debtor that her case in the District Court had been dismissed.

6. On March 23, 2017, the Debtor independently discovered from the District Court clerk that the judge had ordered dismissal of the case eight days earlier on March 15, 2017.

7. At all relevant times, Grant was simultaneously engaged in negotiating the terms of the March 13 and 28, 2017 agreements[1] as counsel to the Debtor, while also serving as special counsel to the Trustee. During this time, Grant knowingly withheld material evidence from this Court that supported the strengths of the Debtor's claims in District Court. In addition, Grant violated his duty to zealously represent the Debtor by recommending to the Trustee that settlement was in the "best interests" of the Debtor. Grant's recommendation constitutes a direct conflict of interest because he was acting as both legal counsel to the Debtor and as special

---

[1] Because neither Grant nor the Trustee informed the Debtor whether the March 13 and 28, 2017 agreements are the same, and because neither Grant nor the Trustee provided the Debtor with a copy of the March 13, 2017 agreement submitted to the district court, the Debtor has no way of knowing whether there is one or more settlement agreements that were reached by the parties over her previous objections.

counsel to the Trustee. Consequently, Grant's actions have violated the Debtor's Constitutional rights to due process.

8. In her Motion, the Trustee erroneously and negligently omitted material facts critical to the success of Debtor's claims against CSM. First, the Trustee failed to reveal to this Court that CSM's primary witness B. Scotland (Scotland) committed perjury by lying under oath several times during her deposition; thereby, damaging her credibility. Next, the Trustee failed to include evidence showing that Scotland held bias against the Debtor based on her maternity status, demonstrated through various email correspondence. The Trustee also omitted evidence showing that the Debtor received positive performance reviews from students and faculty for five consecutive semesters beginning in the 2011-2012 academic year.

9. In addition, the Trustee neglected to include strengths of the Debtor's case, which were identified in the District Court's Memorandum Order on Motion for Summary Judgment (Memorandum). In that Memorandum, the judge stated in pertinent part, "Considering this admission along with the evidence of pretext Jones identified, a reasonable jury could find that the stated reasons [given by CSM] for not renewing Jones's contract were false and that [CSM's] real reason for nonrenewal was retaliatory animus. Accordingly, I cannot grant summary judgment in [CSM's] favor on this record. *See Guessous*, 2016 WL 3615780, at *6; *Foster*, 787 F.3d at 252."

10. In her Motion to this Court, the Trustee again omitted critical evidence about the March 28, 2017 settlement agreement. First, the Trustee failed to indicate that the Debtor expressly instructed Grant to reject the previous offers of settlement, and explicitly stated that she wanted this case to go to trial. The Trustee also failed to inform the Court that when the

Debtor finally became aware that the Trustee had agreed to a settlement, the Debtor immediately and unequivocally informed Grant that the settlement agreement was **not** in her best interests.[2]

11. Further, the Trustee inappropriately relied on unsubstantiated claims made by CSM. Specifically, the Trustee failed to verify CSM's claim that it did not renew her contract because of her refusal to work at a different campus location. In addition, the Trustee failed to verify CSM's claim that according to a disgruntled student, the Debtor was allegedly racist. The evidence presented by the Debtor shows that this allegation is unsubstantiated because the College never investigated it and cannot corroborate it. However, the Debtor presented incontrovertible evidence that the distance between her former location and the new campus location was at least 50 miles from Debtor's residential address, and previously followed administrative directives to work at one or both campuses simultaneously. The Debtor also showed that as the sole parent and caretaker of her children (including her newborn) and without any immediate or extended family in the state, the new location assignment by CSM unlawfully and detrimentally interfered with the Debtor's ability to meet the needs of her newborn son. Also, after CSM denied the Debtor's request for reasonable accommodation, the evidence shows that Debtor lawfully exercised her right to take unpaid family leave under the Family and Medical Leave Act (FMLA), which is when CSM unlawfully retaliated against the Debtor by deciding not to renew her contract.

12. Pursuant to Fed. R. Bankr. P. 9019(a) "[o]n motion by the trustee *and after a hearing*, the Court may approve a compromise or settlement." (Emphasis added.)

---

[2] When the Plaintiff discussed with Grant in March 2017 about his rationale for wanting to accept a settlement offer, he stated that "It was better to walk away with something as opposed to nothing…and that he has bills and student loans to pay just like everyone else." Subsequently, by letter dated March 30, 2017, the Plaintiff terminated her attorney-client relationship with Grant.

13. A Court may approve a settlement if it is "fair and equitable." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson (TMT)*, 390 U.S. 414, 424 (1968). In making this determination, a Court must be apprised "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." Id. In addition, a Court "should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Id.

14. In rejecting compromises and settlements, a Court must examine whether the Trustee's action in settling fall within the "lowest point in the range of reasonableness." *See In re Ashford Hotels, Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998). A Court may not approve a settlement over objections if the proposed settlement falls below the lowest point in the range of reasonableness. Id.

15. In determining the reasonableness of the proposed settlement, a Court must consider the following factors: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and, (4) the paramount interest of the creditors. *In re Bowman*, 181 B.R. 836, 843 (Bankr. D. Md. 1995). The Court must also compare the terms of the compromise with the likely rewards of litigation. *TMT*, 390 U.S. at 424-25.

16. While the approval of a settlement is within the discretion of the Bankruptcy Court, it must actually exercise discretion and not simply "rubber stamp" the Trustee's proposal. *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994).

17. The Trustee, as proponent of the proposed settlement, has the burden of establishing that the settlement is fair and equitable and should be approved by the Court. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (*citing In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. den'd sub nom.*, 479 U.S. 854 (1986)).

18. The Trustee cannot meet her burden of establishing that the proposed settlement is fair and equitable because she only offered two reasons for accepting the settlement: "(1) Settlement is in the best interest of the estate and its creditors because it eliminates the delay, costs and risks associated with litigation with the Debtor and CSM; (2) There is a risk that continuation of the Lawsuit may result in no recovery to the estate because of the defenses of CSM." Further, the Trustee deliberately omitted material facts showing the Debtor's likelihood of success in litigation, and refused to present the Court with an accompanying memorandum to support her position.

19. More egregiously, the Trustee perpetrated a fraud on the Court by filing fraudulent documents in district court on March 13, 2017 that falsely claimed that this Court had already approved the Trustee's pending Motion. The Trustee knowingly, deliberately and recklessly filed those documents with the district court, which subsequently caused the District Court judge to prematurely dismiss the Debtor's FMLA suit against CSM without first allowing the Debtor to exercise her Due Process rights to object to the Motion. See 8 U.S.C. 1324c (1) ( it is "unlawful for any person or entity knowingly to forge, counterfeit, alter, or falsely make any document for the purpose of satisfying a requirement of this chapter or to obtain a benefit under this chapter.")

20. Based on the Trustee's offer of relatively sparse facts to assess the wisdom of the compromise, her negligent omission of material facts that support the Debtor's chances at

litigation, and her fraudulent filing of documents before the district court, this Court is unable to determine: (1) the probability of success if the litigation was to go forward; and (2) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it. *See Depoister*, 36 F.3d at 587 (while a trustee's business judgment to enter into a settlement is afforded substantial weight, a court cannot rubber stamp a trustee's proposal).

**WHEREFORE**, based on the record as presented and for the foregoing reasons, the Debtor asks this Court to deny the Trustee's Motion rejecting the settlement agreement.

Dated: April 10, 2017                                        Respectfully submitted,

**Rebecca L. Jones, pro se**

/s/ Rebecca L. Jones
Rebecca L. Jones
2805 Ocala Ave
District Heights, MD 20747

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REBECCA JONES, | * | |
| Plaintiff, | * | |
| v. | | Civil Action No.: 8:14-cv-03869-PWG |
| | * | |
| COLLEGE OF SOUTHERN MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

## LINE

The above matter has settled in principle. The parties respectfully request that a Rule 111 Settlement Order be passed in this case.

Respectfully submitted,

/s/ Darrell R. VanDeusen
Darrell R. VanDeusen, Bar No. 08231
Bernadette M. Hunton, Bar No. 09110
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
410-727-4300
410-727-4300 (fax)
dvand@kollmanlaw.com
Attorneys for Defendant

/s/ Jason A. Grant
Jason A. Grant, Bar No. 17771
The DGO Law Group, PLLC
1775 I Street, NW, Suite 1150
Washington DC 20006
Tel: 202-587-5680
Fax: 202-318-9161
jagrant@dgolawgroup.com
Proposed Special Counsel to
Chapter 7 Bankruptcy Trustee,
appointment pending

Laura Margulies, Trustee
Laura J. Margulies, Chapter 7 Trustee
6205 Executive Boulevard
Rockville, Maryland 20852
301-816-1600
Trustee for Chapter 7 Bankruptcy
Estate of Rebecca Jones

## CERTIFICATE OF SERVICE

I hereby certify that on the __10th__ day of __April__, 2017, a copy of the above Debtor's Objection To Trustee's Motion For Approval Of Compromise Of Controversy Pursuant To Fed. R. Bankr. P. 9019 was mailed first class mail, postage prepaid to:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Laura J. Margulies, Esq., Chapter 7 Trustee
6205 Executive Boulevard
Rockville, Maryland 20852

Jason A. Grant, Esq.
The DGO Law Group, PLLC.
1775 Eye Street NW, Suite 1150
Washington, DC 20006

Bernadette Hunton, Esq.
Darrell R. VanDeusen, Esq.
1823 York Rd.
Timonium, MD 21093

(signature) _Rebecca Jones_
Rebecca Jones, Filing Party