IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(At Greenbelt)

| | | |
|---|---|---|
| In re: | * | |
|    REBECCA L. JONES | * | Case No.: 17-10502 LSS |
| | * | Chapter 7 |
|    Debtor | * | |

---

**TRUSTEE'S MOTION PURSUANT TO
BANKRUPTCY RULE 9019 FOR APPROVAL OF
<u>SETTLEMENT WITH VICTOR PALMEIRO AND PALMEIRO LAW GROUP</u>**

     Laura J. Margulies, Chapter 7 Trustee ("Trustee"), by and through her undersigned counsel and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests the entry of an Order approving a settlement between the Trustee and Victor Palmeiro, Esq. and Palmeiro Law Group (together, "Palmeiro"). In support of this Motion, the Trustee respectfully states as follows:

**<u>Jurisdiction</u>**

     1.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (B), and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

     2.     The statutory predicate for the relief requested herein is Rule 9019 of the Bankruptcy Rules.

**<u>General Background</u>**

     3.     On January 13, 2017 (the "Petition Date"), Rebecca L. Jones ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

     4.     The Trustee is the duly appointed and qualified Trustee of the Chapter 7 bankruptcy estate (the "Estate").

**Facts Relating to Settlement**

5. When this case was commenced, Palmeiro represented Debtor in this case. Palmeiro signed the voluntary petition as counsel for the Debtor.

6. On April 10, 2017, Palmeiro filed a Motion to Withdraw Appearance of Victor Palmeiro, Esquire as Counsel for the Debtor Pursuant to Local Rule 9010-4(a)(2) (Doc. No. 34) ("Motion to Withdraw").

7. On April 12, 2017, the Court entered an Order granting the Motion to Withdraw and striking Palmeiro's appearance (Doc. No. 37).

8. The non-exempt property of the Estate consists of a claim the Debtor had against the College of Southern Maryland ("CSM") in which she alleged CSM violated the Family and Medical Leave Act ("FMLA") when it failed to renew her contract after she sought leave under the FMLA. Prior to the filing of this case, the Debtor, through her attorney, Jason A. Grant ("Grant") filed a lawsuit against CSM in the U.S. District Court for the District of Maryland, Case No. 8:14-CV-03869-PWG (the "Lawsuit"). The Debtor did not disclose this Lawsuit in her original Schedules or in her original Statement of Financial Affairs. At the Section 341 Meeting of Creditors held on February 21, 2017, the Trustee asked the Debtor if all the information contained in all the documents that were filed with the Court on her behalf were true and correct, and the Debtor responded that they were. After that statement, the Trustee asked her other questions regarding her assets and liabilities, and specifically asked her whether she had any claims or lawsuits against anyone. She then, for the first time, responded that she had a lawsuit pending against her former employer for alleged violation of the FMLA. Following the 341 Meeting, the Trustee contacted Grant and discussed the case. The Trustee determined that the Lawsuit was an asset of the estate and on February 21, 2017, notified the Clerk to issue a Notice of Need to File Proof of Claim due to Recovery of Assets (Doc. 15).

Subsequent to the Section 341 Meeting, the Debtor amended her Schedules and Statement of Financial Affairs to include this Lawsuit, but did not exempt the claim (Doc. Nos. 16 and 17).

9. On March 29, 2017, the Trustee filed Trustee's Motion for Approval of Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019 (Doc. No. 29), pursuant to which the Trustee sought approval to settle the Lawsuit in exchange for a payment to the Estate of $75,000.00. On July 12, 2017, the Court entered an Order to Approve Compromise for College of Southern Maryland Pay Over to the Estate the Sum of Seventy-Five Thousand Dollars (Doc. No. 64).

10. During the pendency of this case, Debtor alleged that Palmeiro failed to inform her of her rights as a debtor in a chapter 7 bankruptcy case that Palmeiro failed to inform her that she would lose control of the Lawsuit by filing for bankruptcy and she made other allegations primarily concerning the Lawsuit.

11. Following the Debtor's allegations and Palmeiro's withdrawal as counsel for the Debtor, the Trustee investigated the Debtor's claims against Palmeiro by listening to the Debtor's testimony and communicating directly and indirectly with Palmeiro. Palmeiro has draft documents showing the Debtor did not disclose the Lawsuit to him for purposes of preparing the Debtor's schedules.

12. The Trustee has not found where Palmeiro breached any standard of care as counsel to the Debtor in the preparation of the Debtor's bankruptcy proceeding.

13. The Trustee and Palmeiro reached a settlement with respect to the Debtor's claims against Palmeiro (the "Settlement") which enables the Estate to recover some funds based on the Debtor's allegations and prevents the claim from being abandoned upon the closing of this case.

14. The terms of the Settlement, subject to the Court's approval, are as follows:

    i. Within fourteen (14) days of the entry of an Order approving the Settlement and this Motion, Palmeiro shall pay to the Trustee the amount of $5,000.00 (the "Settlement Payment"). The Settlement Payment shall be paid by check payable to: Laura J. Margulies,

Chapter 7 Trustee, and mailed to Laura J. Margulies, Trustee, Laura Margulies Trustee, PC, 6205 Executive Boulevard, Rockville, MD 20852;

      ii.    Upon receipt of the Settlement Payment, in good funds, the Trustee and the Estate release and discharge ("Release") Palmeiro (as defined in the introduction of this pleading) from any and all claims, damages, causes of action, or any other form of relief, legal or equitable, whether known or unknown, direct or indirect, liquidated or unliquidated, contingent or determined, in law or equity (together, "Claims") that the Estate may have against Palmeiro, including, but not limited to, any claims the Estate may have against Palmeiro arising out of Palmeiro's representation of the Debtor; and

      iii.    As a result of the Release, all Claims in favor of Rebecca L. Jones against Palmeiro that existed prior to or at the time of the filing of her bankruptcy case are released. The Bankruptcy Estate of Rebecca L. Jones and Rebecca L. Jones, individually, are estopped to bring any Claims against Palmeiro after the date this compromise is approved by the U.S. Bankruptcy Court.

**Basis for Relief Requested**

15.    By this Motion, the Trustee seeks entry of an Order approving the Settlement pursuant to Bankruptcy Rule 9019. Pursuant to Federal Rules of Bankruptcy Procedure 9019, bankruptcy courts are authorized to approve a compromise proposed by the Trustee following the filing of a motion and a hearing with notice to the creditors. Fed. R. Bankr. P. 9019(a). In reviewing a proposed settlement, the Court must determine that (1) it is "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163 (1968), and (2) in the best interests of the estate, *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

16.    "Compromises are favored in bankruptcy," 10 Lawrence P. King, Collier on Bankruptcy, ¶ 9019.01, at 9019-2 (15th ed. rev. 1997) (*citing In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993)); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake . . . ."); *In re Michael*, 183 B.R. at 232 (Bankr. D.

Mont. 1995) ("[I]t is also well established that the law favors compromise."); *In re Best Products*, 16 B.R. at 50; *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (court recognizes "the general rule that settlements are favored").

17. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). See generally In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (Court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis*, 165 B.R. at 123; *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985); 10 Collier on Bankruptcy ¶ 9019.02, at 9019-4.

18. The Fourth Circuit specifically set forth four criteria to be considered by the Court in determining the fairness, reasonableness, and adequacy of a settlement, as follows:

    i.    the probability of success in litigation;

    ii.    the likely difficulties in collection;

    iii.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    iv.    the paramount interest of creditors.

United States ex rel. Rahman v. Oncology Assocs., P.C., 269 B.R. 139, 149-150 (D. Md. 2001) (court may approve a settlement over objections unless the proposed settlement falls below the

lowest point of reasonableness."), aff'd, *United States ex rel. Rahman v. Colkitt,* 61 Fed.Appx. 860 (4th Cir. 2003) ("settlement should be approved if it provides for 'the best possible realization upon the available assets ... without undue waste or needless or fruitless litigation'"); *In re Final Analysis, Inc.*, 417 B.R. 332, 341 (Bankr. D. Md. 2009); In *re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996); 10 Collier on Bankruptcy, supra, 9019.02, at 9019-4.

19. Settlement is in the best interest of the Estate and its creditors because it eliminates the delay, costs and risks associates with litigation with Palmeiro. Were the Trustee to bring a legal malpractice action against Palmeiro, the outcome of such an action would be speculative. Therefore, approval of the Settlement makes sense because it creates certainty.

20. In fact, there is a risk that pursuit of a claim against Palmeiro may result in no recovery, but with increased costs to the Estate.

21. For these reasons, the Trustee believes, in her reasonable judgment that the Settlement on the terms set forth herein is in the best interest of the Estate and should be approved.

## Notice

22. The Trustee has served this Motion on the following parties: (a) the Office of the United States Trustee; (b) the Debtor; (c) Palmeiro; (d) all creditors; and (e) all other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) approving the Settlement; and (iii) granting such other and further relief as the Court finds just and proper.

Dated:  August 18, 2017			Respectfully submitted,

**OFFIT KURMAN, P.A.**

 /s/ James M. Hoffman
James M. Hoffman
Stephen A. Metz
Offit Kurman P.A.
4800 Montgomery Ave., Suite 900
Bethesda, MD  20814
(240) 507-1710 (Hoffman)
(240) 507-1723 (Metz)
Jhoffman@offitkurman.com
smetz@offitkurman.com
Counsel to Chapter 7 Trustee

4823-2268-8844, V.  1