IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In re:                                    *

    Rebecca L. Jones,                    *       Case No.: 17-10502 LSS
                                          *       Chapter 7

          Debtor              *

\* * * * * * * * * * * * *

## OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH VICTOR PALMIERO AND PALMEIRO LAW GROUP

    Rebecca L Jones (Jones or Debtor), *pro se*, asks this Court to DENY the motion of Laura J. Margulies, Chapter 7 Trustee (Trustee) by and through her counsel James M. Hoffman (Hoffman), which seeks an Order approving a settlement between the Trustee and Victor Palmeiro, Esq. and Palmeiro Law Group (collectively Palmeiro) pursuant to Federal Rules of Bankruptcy, Rule 9019.  In support of her Objection, Jones states as follows:

    1.    Hoffman argues erroneously that Rule 9019 gives the Trustee authority to enter into settlement agreements on behalf of a debtor's estate with non-interested parties to the estate. Palmeiro is neither a creditor nor an interested party to this case.  In fact, Hoffman conceded in paragraph 7 of his motion that this Court terminated Palmeiro's participation in this matter on April 12, 2017.  To grant the tentative compromise settlement between the Trustee and Palmeiro without including Jones in settlement negotiations is unreasonable, unjust and inequitable.  To grant Palmeiro standing as an interested party (even though he was effectively dismissed by both Jones and this Court months prior) while simultaneously refusing to recognize Jones' rights as the Debtor is disingenuous and demonstrative of extreme bias.

    2.    Rule 9019 pertains to "Compromise and Arbitration," and states, in full:

(a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

(b) Authority To Compromise or Settle Controversies Within Classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

(c) Arbitration. On stipulation of the parties to any controversy affecting the estate the court may authorize the matter to be submitted to final and binding arbitration.

3.  Rule 9019 does not prohibit individual persons from filing complaints or lawsuits against attorneys who allegedly violate applicable laws or regulations. Similarly, Rule 9019 does not and cannot interfere with an individual's fundamental Constitutional rights to seek redress of grievances and to have due process related to it.

4.  Paragraph 14 of Hoffman's motion outlines the terms of the tentative settlement agreement between the Trustee and Palmeiro, which includes a provision that states, "The Bankruptcy Estate of Rebecca L. Jones *and Rebecca L. Jones, individually*, are estopped to bring any Claims against Palmeiro *after* the date this compromise is approved by the U.S. Bankruptcy Court." [Emphasis added.]

While the Trustee may have complete statutory authority over Jones' estate, neither the Trustee nor Palmeiro have any authority (legal or otherwise) over Jones' individual rights guaranteed by the United States Constitution and the laws of the State of Maryland. Thus, if Jones determines that there is sufficient evidence to proceed civilly or criminally against Palmeiro in a venue other than this Court, then neither Hoffman, nor the Trustee, nor this Court has the right to interfere with Jones in complete pursuit of that process.

5.  Hoffman argues erroneously in paragraph 11 of his motion that the Trustee "listen[ed] to the Debtor's testimony," however, at no time during the life of this case has Jones

ever "testified" regarding her grievances against Palmeiro. Rather, when Jones raised her complaint about Palmeiro before this Court, she was informed that this was the wrong venue to seek redress. Accordingly, on or about July 7, 2017, Jones filed complaints with the Maryland Bar against Palmeiro, the Trustee, and others, for allegedly violating the Maryland Rules of Professional Conduct.

6. The proposed settlement offered by Hoffman on behalf of the Trustee and Palmeiro requires Palmeiro to pay $5,000.00 directly to the Trustee, but does not explain the rationale behind that amount. Further, Hoffman asks this Court to approve that amount in perpetuity (i.e., if Jones makes a timely discovery of evidence showing that Palmeiro engaged in wrongdoing related to his representation of her, she would be precluded from pursuing her rights against Palmeiro anywhere in the United States and/or in any other country). Again, as stated in paragraphs three and four, above, the tentative agreement exceeds all bounds of Rule 9019 and all other laws that guarantee Jones' right as an individual.

7. At the very least, the tentative settlement agreement is not ripe because it is based on the speculative notion that Jones *may* file suit against Palmeiro in another forum. The fact that Jones has not filed a lawsuit against Palmeiro shows that the terms of the agreement are unenforceable because they are not based in legal reality but based on the unclear, subjective personal beliefs of the Trustee and Palmeiro.

8. For all these reasons, Jones requests, respectfully, that this Court DENY the motion.

Dated: August 28, 2017

Respectfully submitted,

Rebecca Jones, *pro se*

2805 Ocala Avenue<br>
District Heights, MD 20747<br>
215-868-0227

## CERTIFICATE OF SERVICE

I hereby certify that on the __28__ day of __August__, 2017, a copy of the above Objection was mailed first class mail, postage prepaid to:

James M. Hofffman, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814

*[signature]*
Rebecca Jones, pro se
2805 Ocala Ave.
District Heights, MD 20747