IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(At Greenbelt)

| | | |
|---|---|---|
| In re: | * | |
| REBECCA L. JONES | * | Case No.: 17-10502 LSS<br>Chapter 7 |
| Debtor | * | |

**TRUSTEE'S MOTION PURSUANT TO
BANKRUPTCY TO BANKRUPTCY CODE
SECTION 107(b) AND BANKRUPTCY RULES
9018 AND 9037 FOR AN ORDER PLACING DOCUMENT UNDER SEAL**

Laura J. Margulies, Chapter 7 Trustee ("Trustee"), by and through her undersigned counsel and pursuant to Bankruptcy Code Section 107(b) and Bankruptcy Rules 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby requests the entry of an Order placing under seal the Opposition of the Debtor to the motion to approve a settlement between the Trustee and Victor Palmeiro, Esq. and Palmeiro Law Group (together, "Palmeiro") (DE 72). In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2)(A), (B), and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein are Section 107(b) of the Bankruptcy Code, and Bankruptcy Rules 9018 and 9037.

**General Background**

3. On January 13, 2017 (the "Petition Date"), Rebecca L. Jones ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. The Trustee is the duly appointed and qualified Trustee of the Chapter 7 bankruptcy estate (the "Estate").

**Facts Relating to Motion**

5. When this case was commenced, Palmeiro represented Debtor in this case. Palmeiro signed the voluntary petition as counsel for the Debtor.

6. On April 10, 2017, Palmeiro filed a Motion to Withdraw Appearance of Victor Palmeiro, Esquire as Counsel for the Debtor Pursuant to Local Rule 9010-4(a)(2) (Doc. No. 34) ("Motion to Withdraw").

7. On April 12, 2017, the Court entered an Order granting the Motion to Withdraw and striking Palmeiro's appearance (Doc. No. 37).

8. During the pendency of this case, Debtor alleged that Palmeiro failed to inform the Debtor of her rights as a debtor in a chapter 7 bankruptcy case that Palmeiro failed to inform her that she would lose control of an asset by filing for bankruptcy and she made other allegations against Palmeiro.

9. Following the Debtor's allegations and Palmeiro's withdrawal as counsel for the Debtor, the Trustee investigated the Debtor's claims against Palmeiro.

10. The Trustee has not found where Palmeiro breached any standard of care as counsel to the Debtor in the preparation of the Debtor's bankruptcy proceeding.

11. The Trustee and Palmeiro reached a settlement with respect to the Debtor's claims against Palmeiro (the "Settlement") which enables the Estate to recover some funds based on the Debtor's allegations and prevents the claim from being abandoned upon the closing of this case.

12. On August 18, 2017, the Trustee filed a motion to approve the terms of the Settlement ("Motion"), subject to the Court's approval. (DE 71).

13. On August 28, 2017, the Debtor filed an Opposition to the Motion ("Opposition") despite her absence of standing under *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985).

14. Paragraph 5 of the Opposition contains scandalous or defamatory information that is required by Maryland law to remain confidential. Such information violates the confidentiality protections afforded the Trustee and Palmeiro.

15. While the Debtor is not an attorney, she is acting as her own attorney and is required to comply with the same rules and regulations as licensed attorneys, which she has failed to do.

16. Although the scandalous or defamatory information relating to the Trustee is now moot, such allegations should not remain visible to the public.

17. Rather than seek to redact the offending portions of the Opposition, which may be burdensome on the Court Clerk, the Trustee seeks to have the Opposition placed under seal.

18. By this Motion, the Trustee seeks entry of the proposed order pursuant to Section 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules placing the Opposition under Seal.

## BASIS FOR THE RELIEF REQUESTED

19. Section 107(b) of the Bankruptcy Code provides the Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

20. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under Section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires [to accomplish the goals of section 107(b)]." B.R. 9018.

21. To qualify for protection under Section 107(b), an interested party only needs to show that the information it seeks to file under seal is "scandalous" or "defamatory". The allegations within paragraph 7 of the Opposition are confidential under Maryland Rule 19-707(b)(A), scandalous and defamatory.

22. Once a court determines that a party in interest is requesting protection of information that fits within one of the enumerated categories of Section 107, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n*, 21 F.3d 24, 27 (2d Cir. 1994) (*citing* 2 Collier on Bankruptcy ¶ 107.01, at 107-2 (15th ed. 1993)) (emphasis in original).

23. The Opposition contains information that must be remained in confidence under the Maryland Rules.

24. While it is unclear whether the offensive materials within the Opposition were filed with malice or out of ignorance, the result is the same: the Opposition should be placed under seal.

WHEREFORE, the Trustee respectfully requests entry of the proposed order directing the Clerk to place DE 72 under seal and granting the Trustee such other and further relief as the Court deems just and proper.

Dated:  September 8, 2017               Respectfully submitted,

**OFFIT KURMAN, P.A.**

 /s/ James M. Hoffman
James M. Hoffman, 04914
Stephen A. Metz, 13720
James M. Hoffman, Esq.
Offit Kurman P.A.
4800 Montgomery Ave., Suite 900
Bethesda, MD  20814
(240) 507-1710 (Hoffman)
(240) 507-1723 (Metz)
Jhoffman@offitkurman.com
smetz@offitkurman.com
Counsel to Chapter 7 Trustee

## CERTIFICATE OF SERVICE

The following parties received electronic notice of this filing:

- Laura J. Margulies     trustee@law-margulies.com, lmargulies@ecf.epiqsystems.com
- AmeriCredit Financial Services   Customer.service.bk@gmfinancial.com
- Victor Palmeiro          Victor@Palmeirolaw.com

To the extent that the following persons were not served electronically via CM/ECF system, copies of the **Trustee's Motion Pursuant to Bankruptcy Rule 9019 for Approval of Settlement and Proposed Order** were first class mailed, postage prepaid, this 8th day of September, 2017, to:

Office of the United States Trustee
6305 Ivy Lane, #600
Greenbelt, MD 20770

Victor Palmeiro, Esquire
Palmeiro Law Group
5882 Hubbard Drive
Rockville, MD 20852

Rebecca L. Jones
2805 Ocala Ave
District Heights, MD 20747

All parties on the Court's Official Mailing Matrix attached hereto.


                                                                        /s/ James M. Hoffman
                                                                         James M. Hoffman

4836-9966-7279, V. 1